UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANTHONY MASON,
*Prisoner Identification No. 408-326,*

    Plaintiff,

v.

CORRECTIONAL OFFICER SADOWSKI
CO II,

    Defendant.

Civil Action No. TDC-15-0727

## MEMORANDUM OPINION

Plaintiff Anthony Mason, a self-represented inmate confined at the Baltimore City Correctional Center, has filed suit under 42 U.S.C. § 1983 against Defendant Michael Sadowski. Pending is Sadowski's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

The following facts are presented in the light most favorable to Mason, the nonmoving party:

### I.  January 5, 2013 Altercation

On January 5, 2013, Mason was an inmate at Maryland Correctional Institution-Hagerstown ("MCI-H"). That morning, Mason attended a religious service at the MCI-H Chapel with approximately 90 other inmates. When the service ended, Mason walked toward the "D-2 grill." While waiting there, he was attacked from behind and stabbed by several inmates. Mason

curled into a fetal position. He estimates that the attack lasted for about five minutes until Sadowski, a correctional officer at MCI-H, arrived on the scene.

Sadowski had been working at a post from which he watched inmates leave the Chapel, walk down the hall and go downstairs. He followed them, and, as he walked down steps towards the D-2 grill, he observed three inmates, including Mason and Jason Elliott, getting off the ground and backing away from each other. Mason was initially detained by Sadowski, but a few minutes later he was taken to the prison medical department where he received treatment for two abrasions to his right hand; puncture wounds to his right upper arm and left upper back 0.2 and 0.4 millimeters in depth, respectively; seven small punctures to his left upper arm; and two lacerations to the left side of his back 6.5 and 9 centimeters in length. Elliott bore no signs of injury. Shortly after the attack, a correctional officer found four makeshift weapons near the hallway where Mason was stabbed. The third inmate Sadowski saw at the scene was never identified.

When questioned during an internal prison investigation into the incident, Mason claimed that he did not know who attacked him. He also denied having had any recent arguments or gang affiliations. Elliott disavowed any involvement in the attack. Sadowski cited Mason for disciplinary infractions, but prison officials later cleared Mason of any misconduct, finding that he had been the victim of the attack.

Sadowski asserts that Mason never expressed to him any fears of an attack. Mason does not claim to have provided Sadowski or any other prison official with any information regarding a risk to his safety. Instead, he asserts that Sadowski negligently abandoned his assigned post. Mason believes that if Sadowski had been positioned properly, he could have prevented the attack. Ronald Brezler, Chief of Security at MCI-H, avers that Sadowski was within his assigned

duty area when the assault occurred and that Sadowski responded to and reported the incident in accordance with prison policy.

## II.    Procedural History

On March 11, 2015, Mason filed suit in this Court against Sadowski pursuant to 42 U.S.C. § 1983, alleging that Sadowski violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from assault by other inmates. Mason seeks $30,000 in damages. On October 6, 2015, Sadowski filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On October 9, 2015, the Clerk of the Court mailed to Mason a letter informing him that Sadowski had filed a motion which, if granted, could result in the dismissal of his case. The letter advised Mason that he could file materials in opposition to the Motion within 17 days and that failure to do so could result in the dismissal of his case without further notice. On November 16, 2015, Mason filed a motion requesting an extension of the deadline to file a response to the Motion. On November 24, 2015, the Court granted Mason's motion, extending his response deadline to December 19, 2015. Mason has not filed a response to Sadowski's Motion.

## DISCUSSION

In his Motion, Sadowski seeks dismissal or summary judgment on the grounds that he was not deliberately indifferent in failing to protect Mason.

## I.    Legal Standard

Sadowski has submitted evidence for the Court's review. Mason had notice that the Court might consider this evidence in ruling on the Motion and did not file an opposition or request that the Court provide him with the opportunity for discovery. Consequently, the Motion will be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

## II. Failure to Protect

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of inmates," including protecting them "from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation marks omitted). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To prove a prison official's liability for failing to protect them from other inmates, prisoner plaintiffs must satisfy a two-part inquiry, consisting of objective and subjective prongs. *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016).

For the objective prong, the prisoner "'must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury' or a substantial risk thereof." *Id.* (quoting *Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014)). This inquiry "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)) (emphasis in original).

To meet the subjective prong, a plaintiff must establish that the defendant had a "sufficiently culpable state of mind," consisting of "deliberate indifference to inmate health and safety." *Raynor*, 817 F.3d at 127-28 (quoting *Farmer*, 511 U.S. at 834). To establish such deliberate indifference requires a showing that the official actually "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *Raynor*, 817 F.3d at 128. A "factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. A prison official aware of such a risk to an inmate fulfills her Eighth Amendment obligation by taking reasonable steps to avert harm, even if the harm still occurs. *Id.* at 844-45. "In failure to protect cases, 'prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.'" *Raynor*, 817 F.3d at 128 (quoting *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995)). Refusing to take any action to stop an ongoing assault, however, can amount to deliberate indifference. *Id.*

Mason was at a substantial risk of serious harm when he was attacked by two inmates with makeshift weapons, suffering nine stab wounds, two lacerations, and two abrasions. There is no evidence, however, that Sadowski was aware of any risk of harm to Mason. Mason himself reported that he did not know who perpetrated the attack or why. He does not claim to have

harbored fears of an attack, let alone warned prison officials that he feared for his safety. He had no known gang affiliations or recent arguments that could have put prison officials on notice of further trouble. Sadowski confirms that he had no reason to believe that Mason was in danger. Consequently, even if, as Mason claims, Sadowski abandoned his post (which Sadowski disputes), Sadowski did not act with deliberate indifference because he was not aware of any risk to Mason.

Nor did Sadowski fail to intervene to stop the assault. Sadowski was within his duty area at the time of the assault, overseeing the return of inmates from religious service. By the time he arrived, the attack was over. Although Mason claims that the assault lasted for five minutes, he does not allege that Sadowski learned about it until he happened upon its aftermath. When Sadowski arrived, he responded immediately, securing Mason and Elliott and, with others, arranging for Mason to receive medical care. Accordingly, no reasonable juror could conclude that Sadowski acted with deliberate indifference with respect to the attack on Mason.

## CONCLUSION

For the foregoing reasons, Sadowski's Motion to Dismiss or, in the Alternative, for Summary Judgment is GRANTED. A separate Order shall issue.

Date: July 29, 2016

THEODORE D. CHUANG
United States District Judge